```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

MINOR CHILD *ex rel.* LEONTYNATE  \*
CAREY,
                                  \*
    Plaintiff,
                                  \*
vs.
                                  \*   CASE NO. 4:13-CV-468 (CDL)
MUSCOGEE COUNTY SCHOOL DISTRICT
and TONYA DOUGLASS,               \*

    Defendants.              \*

## O R D E R

Plaintiff Leontynate Carey alleges that Defendant Tonya Douglass, an elementary school principal, violated the constitutional rights of Carey's daughter J.C., an elementary school student. Carey, proceeding *pro se,* brought suit on behalf of J.C. against Douglass and Defendant Muscogee County School District. Defendants now seek dismissal of Carey's claims. As discussed below, Defendants' Motion to Dismiss (ECF No. 35) is granted.

## DISCUSSION

When Carey failed to comply with her discovery obligations, Defendants filed a motion to compel. The Court granted the motion to compel and ordered Carey to respond to Defendants' discovery requests. The Court also ordered Carey to submit to a deposition by November 21, 2014. The Court emphasized: "If

Carey wants to proceed in this action, Carey must comply with her discovery obligations." Order Granting Mot. to Compel 2 (Oct. 10, 2014), ECF No. 26. The Court also stated: "**If Carey fails to comply with this Order, this action will be dismissed under Federal Rule of Civil Procedure 37(b)(2)(A)(v).**" *Id.* Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits dismissal of an action due to a party's failure to comply with a court order.

Defendants represent that Carey did not sufficiently respond to interrogatories and did not produce documents responsive to Defendants' document requests. Defendants also assert that Carey did not appear for her scheduled deposition. Carey claims that there was a mix-up that caused her to miss that deposition. Carey did visit the office of Defendants' counsel on the afternoon of the deposition deadline. Defendants began an impromptu deposition after locating a court reporter, but Carey left the deposition several minutes after it started. Carey acknowledges that she started to participate in the deposition but left when counsel began asking questions she believed were irrelevant, such as questions about J.C.'s father. To date, Carey has not completed a deposition in this case.

The Court warned Carey that it would dismiss her action if she did not submit to a deposition or respond to Defendants' written discovery requests. The Court understands that Carey

did not like some of the questions Defendants' counsel asked during her brief deposition, especially questions about J.C.'s father. But nothing in the present record suggests that Defendants' counsel asked any questions that were meant to harass Carey. Family background questions are typical in depositions and are not irrelevant because they are calculated to find out, among other things, who potential witnesses are. Nothing in the present record suggests that Carey was justified in walking out of the deposition, and the Court finds that Carey did not comply with the Court's Order that required her to submit to a deposition and respond to Defendants' discovery requests. Accordingly, her Complaint is dismissed. All of the other pending motions are moot.

    IT IS SO ORDERED, this 11th day of May, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
